IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DONALD RAY WILLIAMS,<br>　　Movant,<br><br>v.<br><br>UNITED STATES of AMERICA,<br>　　Respondent. | §<br>§<br>§<br>§   No. 3:19-cv-008-B (BT)<br>§   No. 3:07-cr-285-B (02) (BT)<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Donald Williams filed a *pro se* motion to vacate, set-aside, or correct his federal sentence under 28 U.S.C. § 2255. In response, the Government filed a motion to dismiss the § 2255 motion as successive. For the following reasons, the Government's motion should be DENIED, and the § 2255 motion should be TRANSFERRED to the Fifth Circuit Court of Appeals.

I.

Movant pled guilty to interfering with commerce by threats ("Hobbs Act") in violation of 18 U.S.C. § 1951(a) (Count One); and using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count Two). The district court sentenced Movant to 192 months on Count One and 84 months on Count Two, to run

1

consecutively. Movant subsequently filed an appeal, which was dismissed by the Fifth Circuit Court of Appeals on Movant's request. Movant filed his first § 2255 motion on June 28, 2016. *Williams v. United States*, No. 3:16-cv-1844-B (N.D. Tex. ). Four months later, on November 6, 2017, the district court dismissed the § 2255 motion as barred by the statute of limitations. Movant did not file an appeal. Then, on January 2, 2019, Movant filed this § 2255 motion,[1] in which he argues his conviction under § 924(c) is invalid under the Supreme Court's decision in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018).

II.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to

---

[1] A prisoner's § 2255 motion is generally deemed filed on the date he tenders the motion to prison officials for mailing. *See* Rule 3(d) of the Rules Governing Section 2255 Cases. Here, Movant dated his motion as of September 21, 2018, but he states the motion was returned to him because of an incorrect address. Movant does not state the date he re-mailed the motion, but the Court received it on January 2, 2019. Because Movant does not state the date he re-mailed the motion, the Court finds the motion was filed on January 2, 2019, when the Court received it.

2

establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U. S. C. § 2255. This determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. 28 U. S. C. §§ 2241 and 2255. The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Movant must obtain such an order before another motion for post-conviction relief is filed.

The district court may dismiss a successive § 2255 motion or transfer the motion to the appellate court. *See United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N. D. Tex. July 11, 2003) (citing *Henderson v. Haro*, 282 F. 3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F. 3d 364, 365 (5th Cir. 1997)), *rec. adopted*, 3:03-cv-1524-D, Dkt. No. 7 (N. D. Tex. July 28, 2003). Because this is Movant's first successive motion, the Court finds the Government's motion to dismiss the § 2255 motion should be denied, and the motion should be transferred to the Fifth Circuit for appropriate action.

III.

The Court should DENY the Government's motion to dismiss and TRANSFER the § 2255 motion to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F. 3d 364, 365 (5th Cir. 1997).

Signed April 22, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U. S. C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F. 3d 1415, 1417 (5th Cir. 1996).